IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MR. IVAN L. MENDEZ, et al.,

    Plaintiffs/Petitioners,

v.                                                                No. CV 10-0304 BB/ACT

ONE OF THE CONECTED [sic], WIRED
MEMBERS OF A BIG INTERNATIONAL
CRIMINAL ORGANIZATION, et al.,

    Defendants/Respondents.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP") (Docs. 4, 5). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the financial information in Plaintiff's filings, the Court will grant leave to proceed IFP and will waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff, who is incarcerated in Delaware, previously filed a complaint in this Court in *Mendez v. National Railroads of Mexico*, No. CIV 09-1222 RB/DJS. As in his earlier complaint, Plaintiff again asserts that he has been injured by an international conspiracy against "old White American cowboys and cowgirls." The conspirator-defendants in the earlier complaint were affiliated with the National Railroads of Mexico; this time they are Conected [sic], Wired Members Of A Big International Criminal Organization, including his cellmate. They allegedly replaced his razor with one that had hairs on it, infected him with hepatitis by using dirty needles for vaccinations, and generally allowed unsanitary conditions at his correctional facility. The complaint appears to seek damages and protection from soldiers of the conspiracy, so they "don't kidnap, rape, beat, assault, torture, hurt, abuse, damage and murder (kill), more members of [Plaintiff's] family."

Under Supreme Court and circuit precedent, Plaintiff's complaint does not state claims upon which relief can be granted. As noted above, "the plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.' " *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570). The Supreme Court also has held that dismissal under (former) § 1915(d) is appropriate for allegations "describing fantastic or delusional scenarios." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *McKinney*, 925 F.2d at 365. The

2

cited standards preclude relief on Plaintiff's prison-conditions claims arising from a conspiracy by "Conected [sic], Wired Members Of A Big International Criminal Organization." The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 4, 5) are GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

*Bruce D. Black*
UNITED STATES DISTRICT JUDGE